**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DAVID BILODEAU and ELIZABETH DUDLEY, individually and as representatives of the Verizon Savings Plan for Management Employees,

Plaintiffs,

-against-

VERIZON COMMUNICATIONS, INC.; BOARD OF DIRECTORS OF VERIZON COMMUNICATIONS; and VERIZON EMPLOYEE BENEFITS COMMITTEE,

Defendants.

**No. 1:25-cv-07057-AS**

## Proposed Civil Case Management Plan and Scheduling Order

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties may withhold consent without adverse substantive consequences. If all parties consent, the remaining paragraphs should not be completed, and the parties shall submit a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge within three days of submitting this proposal.

2. The case is not to be tried to a jury.

3. Joinder of additional parties must be accomplished by November 30, 2026.

4. Amended pleadings may be filed without leave of Court until November 30, 2026. This provision does not authorize repleading claims dismissed with prejudice by ECF No. 61.

**5. Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):**

a. Documents. First requests for production must be served by October 28, 2026. Further requests may be served as required, sufficiently early for responses and production to be completed within the applicable discovery period.

b. Interrogatories. Interrogatories under Local Civil Rule 33.3(a) must be served by October 28, 2026. No other interrogatories are permitted without prior express permission of the Court. No Rule 33.3(a) interrogatories need be served concerning disclosures automatically required by Rule 26(a).

**5. Discovery continued**

c. Experts. Each party-proponent of a claim intending to offer expert testimony shall make the disclosures required by Rule 26(a)(2) by April 9, 2027. Each party-opponent intending to offer expert testimony in opposition shall make those disclosures by May 19, 2027. No expert testimony, whether designated as rebuttal or otherwise, by other experts or beyond the scope of those disclosures is permitted without prior express permission of the Court, sought no later than ten days after the opposing-expert disclosure deadline. All expert depositions must be completed by June 21, 2027. These dates cover both merits and class-certification experts.

d. Depositions. Unless otherwise agreed to by the parties or ordered by the Court, fact depositions must begin no sooner than February 8, 2027, and be completed by March 26, 2027; Expert depositions must be completed by June 21, 2027. Unless counsel otherwise agreed to by the parties or ordered by the Court, depositions shall not commence until all parties have completed Rule 26(a)(1) disclosures or February 8, 2027, whichever is later. Depositions shall proceed concurrently, without priority, and no deposition shall extend beyond one business day without prior leave of Court.

e. Requests to Admit. Requests for admission must be served by January 27, 2027, with responses due within the fact-discovery period.

f. Completion. All fact discovery shall be completed by March 26, 2027, and all discovery shall be completed by June 21, 2027. Interim deadlines under Paragraphs 5(a)–(e) may be extended by consent without application to the Court only if the applicable completion dates can still be met. Completion dates may be adjourned only upon a showing to the Court of extraordinary circumstances and may not be extended by consent.

**6. Summary judgment and expert motions**

Post-discovery summary-judgment motions, if permitted under the Court's Individual Practices, shall be served and filed by July 23, 2027; opposition papers by August 20, 2027; and replies by September 3, 2027. If the case is non-jury, any party seeking summary judgment must first establish good cause under Paragraph 8(I)(i); the proposed dates do not dispense with that requirement. Motions to exclude expert testimony shall be filed by July 23, 2027, with opposition and reply papers due on the same schedule, unless otherwise ordered. Any expert challenge necessary to decide class certification shall be raised in the class-certification briefing, or on an earlier schedule approved by the Court.

7. A final pretrial conference shall be held on a date to be inserted by the Court. The Joint Pretrial Order and other pretrial submissions shall be governed by the Court's Individual Practices.

8. Jury selection, if applicable, and trial shall commence on a date to be inserted by the Court.

9. All motions and applications shall be governed by Judge Subramanian's Individual Practices. Counsel shall familiarize themselves with those practices and the Local Rules of this District.

**7. Additional discovery and mediation provisions**

a. Initial disclosures and protocols. Any outstanding Rule 26(a)(1) disclosures shall be exchanged by October 28, 2026, without extending an earlier deadline already applicable under Rule 26. By that date, counsel shall also confer regarding custodians, ESI sources, production format, search methods, privilege logs, and confidentiality protections, and submit any proposed protective order and Rule 502(d) order. The parties shall comply with Rule 26(f), including its preservation and privilege issues, and maintain ongoing preservation obligations.

b. Priority production. Subject to timely, specific objections and appropriate confidentiality protections, the parties shall prioritize relevant Plan and trust documents and amendments; forfeiture amounts, balances, and uses; employer-contribution offsets; Plan and participant administrative expenses; relevant nonprivileged Committee materials; and records bearing on the named Plaintiffs and proposed class. Rolling production shall begin by November 30, 2026. Substantial completion of this priority production is proposed for December 18, 2026, sufficiently before mediation statements are due to permit meaningful review.

c. Mediation. The parties will mediate in person with Bob Meyer on January 25, 2027 in New York, New York. They shall submit a joint status report by February 8, 2027. If settlement in principle is reached, the report shall propose a deadline to seek preliminary approval. Mediation, settlement discussions, a decision in *Polanco v. WPP Group USA, Inc.*, No. 26-1379, or any request for a stay shall not automatically suspend discovery or extend any deadline. Any renewed stay request shall address the Court's October 13, 2026 Order.

**8. Class certification**

Plaintiffs shall file their motion for class certification and appointment of class counsel by July 9, 2027. Defendants shall file opposition papers by August 6, 2027. Plaintiffs shall file reply papers by August 20, 2027. Class and merits discovery shall proceed together. These dates do not presume a ruling before summary-judgment briefing; counsel shall seek any necessary adjustment by timely application to the Court.

SO ORDERED.
Dated: October 15, 2026
New York, New York

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 66.

ARUN SUBRAMANIAN
United States District Judge