**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAVID BILODEAU and ELIZABETH DUDLEY,
Individually and as representatives of a Class of
Participants and Beneficiaries of the Verizon Savings
Plan for Management Employees,

Plaintiffs, Case No: 1:25-cv-07057-AS

v.

VERIZON COMMUNICATIONS, INC.;
BOARD OF DIRECTORS OF VERIZON
COMMUNICATIONS, VERIZON EMPLOYEE
BENEFITS COMMITTEE,

Defendants.

---

**PROPOSED STIPULATION AND PROTECTIVE ORDER**

---

The parties, through their undersigned counsel, stipulate to the following terms, subject to the Court's approval. Discovery is expected to include nonpublic participant account and personal information and confidential financial and business records. Upon a finding of good cause under Federal Rule of Civil Procedure 26(c), it is ORDERED:

1. Scope. This Order governs information of any kind provided in discovery in this action ("Discovery Material"), including copies, extracts, testimony, and compilations revealing protected information. A party or nonparty producing Discovery Material may designate qualifying portions "Confidential" ("Confidential Discovery Material").

Recipients shall disclose Confidential Discovery Material only as this Order permits and use it only to prosecute, defend, mediate, settle, or appeal this action.

2. Permitted designations. Confidential designations must be made in good faith and limited to portions containing previously nondisclosed financial information; nonpublic ownership or control information; nonpublic business plans, product development information, or marketing plans; proprietary commercial information (such as vendor and recordkeeper agreements); information of a personal or intimate nature, including participant identifiers, account balances, transactions, and financial information; or another category afforded confidential status by the Court or by law or regulation. Publicly available information may not be designated merely because it also appears in a party's records. An entire production may not be designated without a document-specific or appropriately defined category-specific basis.

3. Marking and transcripts. For documents, identify protected portions by a legible Confidential marking that does not obscure content. For native files or structured data, use a marked placeholder or production index linked to the file, identifying the protected fields or portions where practicable. On reasonable request for intended public use, provide a copy with only protected information redacted. Deposition testimony may be designated on the record, with the designated portions separately bound or electronically segregated and marked by the reporter. Within 14 days after receipt of the transcript, a designating person may also identify specific pages and lines in writing; until that period expires the transcript shall be treated as Confidential. Exhibits retain their existing designations unless separately designated.

4. Correction of designations. A producing person discovering an omitted or erroneous designation shall notify counsel promptly in writing, identify the material, and supply corrected copies or an index. Thereafter recipients shall promptly apply the corrected designation and take reasonable steps to retrieve any unauthorized copies and confirm the process has been completed. An omitted or erroneous designation does not result in a waiver of the claim to confidentiality. A recipient is not in violation for disclosure made before receipt of the correction if lawful when made. A late designation remains subject to challenge.

5. Authorized recipients. Confidential Discovery Material may be disclosed, only as reasonably necessary for this action, to: (a) the parties and their officers or employees assisting counsel in this action; (b) counsel and their assigned staff, including in-house counsel; (c) the document's author, addressee, or a person shown on its face to have received it; (d) witnesses whom counsel in good faith expects to testify, after execution of Exhibit A; (e) retained experts or consultants, after execution of Exhibit A; (f) litigation-support vendors, translators, court reporters, and videographers bound by professional or contractual confidentiality duties; (g) the mediator and mediation staff bound by confidentiality obligations; (h) the Court and its personnel; and (i) another person by written consent of the designating person or Court order. Unnamed proposed class members are not authorized recipients merely by putative class membership.

6. Recipient obligations. Counsel shall explain the Order to persons receiving protected material and retain executed Exhibit A acknowledgments. A witness refusing to sign may be shown protected material only with the designating person's written consent

or a Court order, except where independently authorized by paragraph 5(c). Each recipient shall use reasonable safeguards against unauthorized access, including access controls and secure transfer appropriate to the sensitivity of participant data. Data shall not be uploaded to publicly accessible systems or used to train public or shared artificial-intelligence models.

7. Participant data. Produce class datasets initially with stable pseudonymous participant identifiers wherever identification by name is unnecessary to the requested analysis, with named Plaintiffs separately identifiable. Social Security numbers, full dates of birth, and full financial-account numbers may be redacted absent agreement or order requiring them. Preserve the ability to link records across productions. Counsel shall confer on any later need for names or contact information and an appropriate secure method of production. This provision does not authorize withholding otherwise discoverable data solely because it is personal.

8. Challenges and additional protection. Any party may challenge a designation or seek additional protection by written notice identifying the material and grounds. The parties shall confer and follow Paragraph 5 of the Court's Individual Practices, including the required Lead Trial Counsel conference. The designating person bears the burden of establishing entitlement to protection. Pending resolution, recipients shall maintain the challenged designation. A producing person may request additional protection for specifically identified material upon a particularized showing that the protections afforded by a Confidential designation are insufficient. Any additional restriction requires written agreement of the parties approved by the Court or a Court order.

9. Court filings and trial. A Confidential designation does not itself authorize sealing or establish that a judicial document may be withheld from public access. The parties shall comply with Rule 5.2, Paragraph 11 of the Court's Individual Practices, and applicable SDNY ECF requirements. Redactions or sealing requiring permission must be requested through the prescribed procedure, supported by a narrowly tailored justification; publicly filed versions shall redact only what is authorized. Material introduced at trial is unlikely to receive confidential treatment absent a further order. The Court retains discretion concerning confidential treatment of material submitted in connection with any proceeding.

10. Privilege and work product. The separate Rule 502(d) order entered in this action governs nonwaiver and procedures for returning, sequestering, or destroying material claimed to be privileged or protected. Nothing in this Order expands or establishes a privilege, resolves any asserted exception, or relieves a party of its logging duties. If the separate Rule 502(d) order has not been entered, Rule 26(b)(5)(B) governs a notice of produced privileged material; this paragraph does not represent that a Rule 502(d) order is already effective.

11. Unauthorized disclosure. A recipient learning of unauthorized disclosure shall promptly notify the designating person, take reasonable steps to retrieve or secure the material, and inform unauthorized recipients of this Order. The notice shall identify the affected material and known circumstances without unnecessarily repeating sensitive information. Reasonable mitigation does not waive any claim or defense concerning the incident.

12. Other proceedings and independent information. A recipient served with compulsory process seeking protected material shall, unless prohibited by law, promptly notify the designating person and provide a copy sufficient to allow a timely request for protection. No person is required to violate lawful process; absent consent or order, the recipient shall not voluntarily disclose before the compliance date while a timely protection request is pending. This Order does not restrict a person's use of its own information, information lawfully obtained independently of discovery here, or disclosures protected or required by law, including lawful communications with government authorities.

13. End of the action. Within 30 days after final disposition, including exhaustion of appeals, recipients shall return or destroy Confidential Discovery Material and copies, at the producing person's election, and certify compliance on request. Counsel may retain one archival set of pleadings, motions, correspondence, transcripts, exhibits, expert reports, and attorney work product, subject to this Order. Inaccessible routine backup copies need not be restored solely for deletion but remain protected and may not be used except as legally required or to restore a system; restored protected material shall again be deleted or protected consistently with this Order.

14. Reservation and enforcement. This Order does not determine relevance, proportionality, admissibility, or the merits of any claim or defense, and does not alter any CMP deadline. The Court may modify it for good cause. It survives final disposition, and the Court retains jurisdiction to enforce its obligations to the extent permitted by law. Persons receiving protected material with notice of this Order are bound by its terms and may be subject to sanctions for violations.

**SO STIPULATED AND AGREED, SUBJECT TO COURT APPROVAL:**

Dated: October 28, 2026

For Plaintiffs:
*/s/ Paul M. Secunda*
Paul M. Secunda (Pro Hac Vice)
WALCHESKE & LUZI, LLC
1200 N. Mayfair Road, Suite 270
Wauwatosa, WI 53226
(414) 828-2372 | psecunda@walcheskeluzi.com

Dated: October 28, 2026

For Defendants:.
*/s/ Christian J. Pistilli*
Robert Newman* (Pro Hac Vice)
Christian J. Pistilli* (Pro Hac Vice)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
cpistilli@cov.com
rnewman@cov.com

William E. O'Neil
COVINGTON & BURLING LLP
30 Hudson Yards
New York, New York 10001-2170
Tel: (212) 841-1000
woneil@cov.com
ccarlogonzalez@cov.com

SO ORDERED.

__________________________________

ARUN SUBRAMANIAN
United States District Judge

Dated: October 29, 2026
New York, New York

**EXHIBIT A — NON-DISCLOSURE AGREEMENT**

*Bilodeau v. Verizon Communications, Inc., No. 1:25-cv-07057-AS*
United States District Court, Southern District of New York

I, ______________________________________, acknowledge that I have received and read the Protective Order entered in this action and understand its requirements. I agree to be bound by it, to use Confidential Discovery Material only for this action, and to disclose it only as the Order permits. I will take reasonable precautions to protect the material and will return or destroy it as required by the Order and the counsel who provided it.

I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Order, including after the action concludes. I understand that a violation may result in sanctions, including contempt.

Printed name: ______________________________________

Business address: ___________________________________

__________________________________________________

Affiliation: _________________________________________

Signature: __________________________________________

Date: ____________________________________________